IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BENJAMIN DAVIS, III, | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No. ADC-19-2194 |
| BALTIMORE CITY COMMUNITY COLLEGE, *et al.*, | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

Defendants, Baltimore City Community College ("B.C.C.C.") and Darryl C. Moore, Freddie McGraffinried, Stuart Park, James Wright, Michael Stephens, and Debra L. McCurdy (collectively "individual Defendants"), move this Court to dismiss the Complaint of *pro se* Plaintiff, Benjamin Davis, III, for violations of due process, equal protection, excessive force pursuant to 42 U.S.C. § 1983, and retaliation (the "Motion to Dismiss") (ECF No. 16). After considering the Motion to Dismiss and the responses thereto (ECF Nos. 19, 20), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendant's Motion to Dismiss. The Court also GRANTS Plaintiff leave to amend the Complaint.

### FACTUAL BACKGROUND

When reviewing a motion to dismiss, this Court accepts as true the facts alleged in the challenged complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff's Complaint is brief and contains few specific factual allegations. On May 14, 2019, Plaintiff was on B.C.C.C.'s campus to register for classes. ECF No. 1 at 2. While on campus, Plaintiff was

1

assaulted by a campus security officer. *Id.* At some point during the incident, Plaintiff kicked Defendant DeGraffinried. *Id.* at 3. Defendants called the Baltimore City Police Department and "by use of excessive force illegally arrested" Plaintiff. *Id.* Plaintiff was then placed in involuntary psychiatric hold, where he received a "clean evaluation and was released expeditiously." *Id.* at 2.

The following day, Plaintiff received a letter from B.C.C.C.'s Vice President for Student Affairs informing him that he was scheduled for a hearing in front of the Incident Management Advisory Committee regarding the May 14 incident. ECF No. 16-3 at 2.[1] The hearing was scheduled for May 28, 2019. *Id.* At the hearing, Plaintiff was confronted with allegations he assaulted Defendant Freddie DeGaffinried, an officer who responded to the May 14 incident. ECF No. 1 at 3. Defendant DeGaffinried was the only Defendant present at the hearing, and he was the only person who filed an administrative complaint against Plaintiff. *Id.*

On May 29, 2019, Plaintiff received notice that the Advisory Committee recommended he be expelled from B.C.C.C., and the Vice President of Student Affairs was adopting this recommendation. ECF No. 16-4 at 2. Plaintiff appealed this decision to B.C.C.C. President Defendant Debra L. McCurdy, who upheld the decision to expel Plaintiff in a letter on August 8, 2019. ECF No. 16-5 at 2.

---

[1] The specifics of Plaintiff's disciplinary hearing schedules and decisions are set forth in the Exhibits to Defendants Motion to Dismiss. *See* ECF Nos. 16-3, 16-4, & 16-5. The Court may consider these attachments without converting the Motion to a Motion for Summary Judgment under Federal Rule of Civil Procedure 12(d), because the Exhibits are letters to the Plaintiff that contain information that is "integral to the complaint and authentic." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164 (4th Cir. 2016) (quoting *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)); *see also Uzoechi v. Wilson*, JKB-16-3975, 2017 WL 3968535, at *1 (D.Md. Sept. 8, 2017) (finding that in a case in which a former student was challenging a school disciplinary hearing, the Court could rely on both facts alleged in the complaint as well as in a document attached to the motion to dismiss titled "OFFICIAL NOTICE OF DECISIONS AND SANCTION(S)").

## PROCEDURAL BACKGROUND

On July 26, 2019, Plaintiff filed suit in this Court against Defendants, alleging constitutional violations of due process and equal protection, excessive force under 42 U.S.C. § 1983, and retaliation, seeking $10,000,000 in "punitive, monetary, and nominal damages" as well as a change to the B.C.C.C. administrative hearing procedure. ECF No. 1 at 2–4.[2] On October 1, 2019, Defendant filed the Motion to Dismiss. ECF No. 16. Plaintiff filed an opposition on October 2, 2019, ECF No. 19, to which Defendant replied on October 9, 2019, ECF No. 20.

This matter is now fully briefed, and the Court has reviewed Defendant's Motion to Dismiss, as well as the responses thereto. For the following reasons, Defendant's Motion to Dismiss (ECF No. 16) will be GRANTED. Additionally, Plaintiff will be GRANTED leave to amend the Complaint.

## DISCUSSION

### A. Standard of Review

Defendants move to dismiss Plaintiff's claims of violation of due process, violation of equal protection, § 1983 excessive force, and retaliation pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). ECF No. 16-1 at 1.

*1. Motion to Dismiss for Insufficient Service of Process*

Federal Rule of Civil Procedure 4(c) governs the proper procedure for serving a summons and complaint; the purpose of a Rule 12(b)(5) motion is to challenge a Plaintiff's failure to comply with Rule 4. When a defendant files a Rule 12(b)(5) motion to dismiss, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *O'Meara v. Waters*, 464

---

[2] In accordance with Standing Order 2018-04 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings on August 12, 2019. ECF No. 6.

3

F.Supp.2d 474, 476 (D.Md. 2006). "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *Id.* (first citing *Karisson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963), then citing *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)). Although courts may give Rule 4 liberal construction, the "plain requirements for the means of effecting service of process may not be ignored." *Armco*, 733 F.2d at 1089. While *pro se* litigants are typically afforded greater leniency than represented litigants, "[p]ro se status . . . is insufficient to establish good cause" for failure to comply with Rule 4, "even where the *pro se* plaintiff mistakenly believes that service was made properly." *Tann v. Fisher*, 276 F.R.D. 190, 193 (D.Md. 2011) (quoting *Hanson v. Fairfax Cnty. Sch. Bd.*, 405 F.App'x 793, 794 (4th Cir. 2010)).

   *2. Motion to Dismiss for Failure to State a Claim*

   The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As stated in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## B. Defendant's Motion to Dismiss

### *1. Plaintiff failed to properly serve Defendants pursuant to Rule 4.*

Defendants first contend that they were not properly served pursuant to Rule 4, and, therefore, Plaintiff has failed to bring them within this Court's jurisdiction. ECF No. 16-1 at 6–10. The Court agrees.

As a Maryland institution of higher education, B.C.C.C. is a state agency. MD. CODE, EDUC. § 16-503; *see also* Cmty. Colls.—Historic Pres.—Cmty. Coll. Project Subject to State, But Not Local, Historic Pres. Regulation, 87 Op. Att'y Gen. 17 (Md.A.G.), 2002 WL 337609 (Feb. 27, 2002) ("The Court of Appeals concluded [in *Board of Trustees v. John K. Ruff, Inc.*] that a community college is a State agency"). To effectuate service upon a state agency, Plaintiff must serve the agency by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." FED.R.CIV.P. 4(j)(2). The manner for serving a state agency under the Maryland Rules allows service upon "(1) the resident agent designated by the officer or agency, or (2) the Attorney General or an individual designated by the Attorney General in a writing filed with the Clerk of the Court of Appeals." Md. Rule 2-124(k). To effectuate service upon an individual, Plaintiff must serve the individual by

(1) following state law for serving a summons in an action . . . ; or
(2) doing any of the following:

5

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED.R.CIV.P. 4(e). When serving an individual, the Maryland Rules allow service

> (1) by delivering to the person to be served a copy of the summons, complaint, and all other papers filed with it; (2) . . . by leaving a copy of the summons, complaint, and all other papers filed with it at the individual's dwelling house or usual place of abode with a resident of suitable age and discretion; or (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery—show to whom, date, address of delivery."

Md. Rule 2-121(a). Even when Defendants receive actual notice of the proceedings against them, Plaintiff still must comply with "plain requirements for the means of effecting service of process." *Armco*, 733 F.2d at 1089.

Here, Plaintiff attempted to serve Defendants by mailing via certified mail copies of the Summons and Complaint to B.C.C.C. ECF No. 16-1 at 7.[3] The Summons for B.C.C.C. and Defendant Moore are the only Summons for which a delivery receipt was filed. *See* ECF No. 8. Both receipts were signed by "F. Smith"—an unidentified person—and fail to indicate the date of delivery. *Id.* The Summons for the remaining Defendants are accompanied by United States Postal Service tracking numbers that merely state they were "Left with Individual." *Id.* at 9, 12, 15, 18, 21. None of these service attempts comply with Rule 4(j) or the Maryland Rules for serving a state agency. Furthermore, none of these service attempts as to the individual Defendants in their individual capacities complied with any of the methods prescribed in Rule 4(e) or the Maryland

---

[3] Defendants have attached to their Motion as an Exhibit two emails from Assistant Attorney General Raymond Mulera to Plaintiff. The Court does not consider these emails in its opinion, as they are not integral to the Complaint and would force the Court to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment. *See* FED.R.CIV.P. 12(d).

Rules. Although Plaintiff contends that service was proper because he is *pro se* and "relied solely on the services provided" by this Court, ECF No. 20 at 1, service was still improper "even where the *pro se* plaintiff mistakenly believes that service was made properly." *Tann*, 276 F.R.D. at 193 (quoting *Hanson*, 405 F.App'x at 794). Regardless of whether Defendants had actual notice of this suit (and the filing of the Motion makes clear they did), Plaintiff still cannot establish that he properly served Defendants or that there was good cause for his failure to do so. *See O'Meara*, 464 F.Supp.2d at 476. Accordingly, the Court will GRANT Defendant's Motion to Dismiss under Rule 12(b)(5).

### 2. *Plaintiff's claims against B.C.C.C. and Defendants in their official capacities are barred by the Eleventh Amendment.*

Defendants next argue that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment. ECF No. 16-1 at 6. The Court agrees.

The Supreme Court of the United States has definitively established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emps. v. Missouri Pub. Health & Welfare Dep't*, 411 U.S. 279, 280 (1973)). The State of Maryland has not "waive[d] any right or defense of the State or its units, officials, or employees in an action in a court of the United States . . . including any defense that is available under the [Eleventh] Amendment to the United States Constitution." MD. CODE, STATE GOV'T § 12-103(2). As detailed above, B.C.C.C. is a state agency. As a state agency, Maryland law provides B.C.C.C. is "afforded the protections of sovereign immunity." *Samuels v. Tschechtelin*, 135 Md.App. 483, 521–22 (2000); *see also Bd. of Trs. of Howard Cmty. Coll. V. John K. Ruff, Inc.*, 278 Md. 580 (1976) (finding that a Maryland state community college and its Board of Trustees were entitled

7

to sovereign immunity). Defendant B.C.C.C. is accordingly entitled to sovereign immunity under the Eleventh Amendment.

It is unclear whether the remaining individual Defendants are being sued in their official or individual capacities. To the extent that they are being sued in their official capacities, the remaining Defendants are also entitled to Eleventh Amendment immunity. The Supreme Court has held "[t]he Eleventh Amendment bars a suit against state official when 'the state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945)). "Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" *Id.* (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)). Accordingly, "the individual defendants are immune from liability for damages in their official capacities. Because a Maryland community college . . . [is a] state agenc[y], the Eleventh Amendment precludes an unconsented federal court suit seeking damages or other retrospective remedies against [state community college] officials." *Williams v. Bd. of Trs. of Frederick Cmty. Coll.*, CCB-03-2123, 2004 WL 45517 (D.Md. Jan. 8, 2004) (internal citation omitted). Because sovereign immunity extends to the individual Defendants, Plaintiff cannot sustain his claims against them in their official capacities.

Because B.C.C.C. and the individual Defendants in their official capacities are immune from suit under the Eleventh Amendment, the Court will GRANT Defendants' Motion as it pertains to B.C.C.C. and the individual Defendants in their official capacities and will DISMISS these parties with prejudice.

3. *Plaintiff fails to sufficiently state a claim on which relief can be granted against Defendants in their individual capacities.*

Defendants also argue that Plaintiff has failed to state claims upon which relief can be granted against the individual Defendants in their individual capacities. ECF No. 16-1 at 10–16. The Court agrees.

In order for a claim to be facially plausible to survive a Rule 12(b)(6) motion, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. A *pro se* complaint, however, is "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Even under the liberal pleading standards afforded to *pro se* litigants, Plaintiff's Complaint contains too few factual allegations to sustain any of his claims against Defendants. Notably, Defendants Stuart Parker, James Wright, and Michael Stephens are not mentioned at all in the Complaint, other than in the case caption. ECF No. 1 at 1. Plaintiff has also failed to include in the Complaint what entity employs each of the individual Defendants, other than Defendant McCurdy. These omissions prevent the Court from properly evaluating his claims against the Defendants.

Regarding Plaintiff's claims, first, Plaintiff alleges his due process rights were violated because he was "denied access to [the] school complaint process." ECF No. 1 at 2. When a student faces expulsion, the requirements of due process are met when the student received advance notice of the charges, a fair opportunity to be heard, and an impartial decision-maker. *Goss v. Lopez*, 419 U.S. 565, 579–81 (1975). Furthermore, particularly in the academic setting, "due process may be satisfied by something less than a trial-like proceeding." *Henson v. Honor Comm. Of Univ. Va.*,

9

719 F.2d 69, 74 (4th Cir. 1983). Plaintiff did receive notice of his disciplinary hearing, which he attended. *Id.* at 3; *see also* ECF No. 16-3. Plaintiff also does not allege that the Advisory Committee that recommended his expulsion was not impartial. Accordingly, Plaintiff does not sufficiently allege a due process violation.

Next, Plaintiff alleges his equal protection rights were violated because he "had a right to the same protections as all other students on campus." ECF No. 19 at 2. Plaintiff, however, fails to allege that he is a member of a protected class or that he was, in fact, treated differently than other students. Without these preliminary allegations, the Court cannot proceed to analyze Plaintiff's equal protection claim. *Cf. Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny."). Accordingly, Plaintiff does not sufficiently allege an equal protection violation.

Plaintiff then asserts an excessive force claim under 42 U.S.C. § 1983 regarding his arrest. ECF Nos. 1 at 2–3, 1-1 at 1. Plaintiff alleges "Defendants retaliated by calling Baltimore City Police Dep[artment] and by use of excessive force illegally arrested" him. ECF No. 1 at 2. In Plaintiff's Response in Opposition, he states he was assaulted by Defendant Moore, and was "further attacked by officer defendants." ECF No. 19 at 2. Regarding Plaintiff's allegations that he was "further attacked," it is unclear whether Plaintiff is alleging an employee of B.C.C.C. or an employee of the Baltimore City Police Department (which is not a Defendant in this action) used excessive force against him during his arrest. Plaintiff does not allege what actions Defendants took against him that caused the excessive force. Plaintiff also admits that *he* kicked Defendant

DeGraffinried. ECF No. 1 at 3. It is unclear from the Complaint whether Plaintiff's kick preceded, coincided with, or followed his allegations of excessive force; Plaintiff only alleges excessive force was used during his arrest. *Id.* at 2. Because Plaintiff has not alleged who, other than Defendant Moore, used excessive force, what actions contributed to the excessive force, or when the excessive force occurred in relation to Plaintiff's kick, he does not sufficiently allege an excessive force claim under § 1983.

Finally, Plaintiff asserts that Defendants retaliated against him by arresting him, expelling him, and filing assault charges against him in violation of the First Amendment. ECF No. 1 at 2–3. Generally, the First Amendment protects individuals from experiencing retaliatory actions for engaging in protected speech. *Hartman v. Moore*, 547 U.S. 250, 256 (2006). To prevail on a retaliation claim, the plaintiff must demonstrate a "causal connection" between the retaliatory animus and the plaintiff's injury. *Id.* at 259. When a plaintiff makes a First Amendment claim of retaliatory arrest, the plaintiff must establish there was no probable cause for the arrest. *Nieves v. Bartlett*, 139 S.Ct. 1715, 1725 (2019). Here, Plaintiff alleges the protected activity in which he engaged was his request that Defendant Moore be arrested. ECF No. 1 at 2. To sustain his claim for retaliation, Plaintiff must allege that his call for Defendant Moore's arrest was the cause of his own subsequent arrest, expulsion, and assault charges. Furthermore, to sustain his claim for retaliatory arrest, he must allege that his arrest was not supported by probable cause. Plaintiff has failed to allege any of these facts. Accordingly, Plaintiff does not sufficiently allege a First Amendment retaliation claim.

Accordingly, the Motion to Dismiss is GRANTED. Given Plaintiff's *pro se* status, he will be GRANTED leave to amend the Complaint.

## CONCLUSION

In conclusion, for the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 16) is GRANTED. Defendant B.C.C.C. and individual Defendants in their official capacities are DISMISSED with prejudice. Plaintiff is GRANTED leave to amend the Complaint. A separate Order will follow.

Date: 31 October 2019

A. David Copperthite
United States Magistrate Judge